# IN THE SUPREME COURT OF TEXAS

═══════════

No. 11-0630

═══════════

TTHR LIMITED PARTNERSHIP D/B/A PRESBYTERIAN HOSPITAL OF DENTON,
PETITIONER,

v.

CLAUDIA MORENO, INDIVIDUALLY AND AS NEXT FRIEND OF F.C., A MINOR,
RESPONDENT

═══════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS

═══════════════════════════════════════════════════

**Argued November 6, 2012**

JUSTICE JOHNSON delivered the opinion of the Court.

Plaintiffs suing on health care liability claims must serve each defendant with an expert report meeting the requirements of the Texas Medical Liability Act ("TMLA" or "the Act")[1] or face dismissal of their claims. We recently held that an expert report satisfying the requirements of the TMLA as to a defendant, even if it addresses only one theory of liability alleged against that defendant, is sufficient for the entire suit to proceed against the defendant. *Certified EMS, Inc. v. Potts*, ___ S.W.3d ___ (Tex. 2013). In this case the plaintiff's expert reports satisfy the TMLA requirements as to her claim that a hospital is vicariously liable for the allegedly negligent actions of two doctors. Accordingly, the plaintiff's case against the hospital may proceed.

---

[1] TEX. CIV. PRAC. & REM. CODE §§ 74.001–.507.

We affirm the judgment of the court of appeals in part, reverse in part, and remand the cause to the trial court for further proceedings.

## I. Background

Claudia Moreno, pregnant with twins, was admitted to TTHR Ltd., d/b/a Presbyterian Hospital of Denton ("Presbyterian" or "the hospital") for difficulties associated with the pregnancy. The hospital's nurses began having problems monitoring Moreno and the twins, so they paged the physician on call, Dr. Lorie Gore-Green. Dr. Gore-Green and Moreno's regular doctor, Dr. Marc Wilson, attended to Moreno the next morning. Dr. Wilson induced labor and used forceps and vacuum extraction to deliver the second baby, F.C. At some point shortly before or during the birth process F.C. suffered blood loss and a hypoxic-ischemic insult. It was later determined that his nervous system and kidneys were damaged.

Moreno, individually and as next friend of F.C., sued the hospital, Dr. Wilson, and Dr. Gore-Green.[2] She alleged that the hospital was liable for the injuries to F.C. because of its own direct negligence as well as its vicarious liability for the negligence of its nurses and the two doctors.

Moreno timely served Presbyterian with a report by Dr. Samuel Tyuluman, an obstetrician and gynecologist. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a) (requiring service of an expert report not later than the 120th day after a health care liability claim is filed). The hospital objected to Dr. Tyuluman's report on the basis that he was not qualified to express opinions about the cause of F.C.'s neurological and kidney damage, and also because his opinions about the standards of care,

---

[2] Neither Dr. Wilson nor Dr. Gore-Green are parties to this appeal. We will reference only the claims against the hospital.

breach of the standards, and causation were conclusory. In response to the objections, Moreno served a report by Dr. Billy Arant, a pediatric nephrologist.[3] *See id.* § 74.351(I) (authorizing fulfilling the expert report requirements by serving multiple reports). Presbyterian objected to Dr. Arant's report on various grounds.

The trial court sustained only Presbyterian's objection that the reports failed to show a causal relationship between the alleged failures of the hospital and its nurses to meet the applicable standards of care and F.C.'s neurological injury. The court granted Moreno a thirty-day extension to cure the reports. *See id.* § 74.351(c) (providing that if "elements of the report are found deficient, the court may grant one thirty-day extension to the claimant in order to cure the deficiency"). She then filed a report by Dr. John Seals, a pediatric neurologist. Presbyterian objected to Dr. Seals's report on the basis that it did not set out any acts of alleged negligence on the part of the hospital, nor did it set out a causal connection between any allegedly negligent act or omission of the hospital or its nurses and F.C.'s neurological injury. The trial court determined that when the reports of Drs. Tyuluman, Arant, and Seals were read in concert, Moreno had met the TMLA's requirements. It denied the hospital's motion to dismiss, and this interlocutory appeal followed. *See id.* § 51.014(a)(9).

The court of appeals affirmed as to the adequacy of the reports regarding Moreno's claim that Presbyterian is vicariously liable for the doctors' negligence. ___ S.W.3d ___. In doing so, it determined that Dr. Tyuluman's report specified several standards of care, how the defendant doctors

---

[3] Nephrology involves the study of functions and treatment of the kidneys.

breached them, and that Drs. Arant and Seals were qualified to and did opine on the causal connection between the breaches by the doctors and F.C.'s injuries. *Id.* at ___. The appeals court also determined that the reports adequately addressed a causal relationship between the events at delivery and F.C.'s neurological and kidney injuries. *Id.* at ___. But in addressing the direct liability claims, the court concluded that Dr. Tyuluman's report did not adequately address the applicable standards of care or how Presbyterian breached those standards, and neither the report of Dr. Arant nor that of Dr. Seals addressed any standard or breach by the hospital. *Id.* at ___. As to the vicarious liability claims based on the nurses' actions, the court concluded that Dr. Tyuluman's report did not state how any of the nurses violated applicable standards of nursing care and the reports of Drs. Arant and Seals did not attempt to address either nursing standards of care or breaches of those standards. *Id.* at ___. The court remanded the case to the trial court and instructed it to consider granting Moreno a thirty-day extension to cure the deficiencies found on appeal. *Id.* at ___.

Presbyterian appeals, arguing that the court of appeals erred by concluding Moreno's reports were adequate as to causation, but even if the reports were adequate in that respect, the court erred by remanding the case for the trial court to consider granting another thirty-day extension to cure the other deficiencies.

After we heard oral argument in this case we held in *Certified EMS* that the TMLA does not require an expert report for each liability theory pleaded against a defendant. *Certified EMS, Inc.*, ___ S.W.3d at ___. Our decision in that case controls the outcome here because we conclude that Moreno's expert reports addressing the hospital's alleged liability for the actions of Drs. Wilson and Gore-Green are adequate. Given that determination, we do not address whether the court of appeals

4

erred by remanding the case for the trial court to consider granting a second extension of time for Moreno to cure deficiencies in her reports.

## II. Vicarious Liability for the Doctors' Actions

The court of appeals held that the trial court did not abuse its discretion by determining Moreno's reports were adequate as to her claim that the hospital is vicariously liable for the negligence of Drs. Wilson and Gore-Green. ___ S.W.3d at ___. Its review of the trial court's ruling was under the abuse of discretion standard. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001). So is ours, and we reach the same conclusion as did the court of appeals.

A valid expert report under the TMLA must provide: (1) a fair summary of the applicable standards of care; (2) the manner in which the physician or health care provider failed to meet those standards; and (3) the causal relationship between that failure and the harm alleged. TEX. CIV. PRAC. & REM. CODE § 74.351(r)(6). Dr. Tyuluman's report set out applicable standards of care for doctors treating a patient with conditions similar to those with which Moreno presented. He opined that (1) the standard of care for a doctor caring for a patient presenting with conditions such as Moreno's was to immediately deliver the babies by cesarean section; (2) failing to do so was a breach of that standard; and (3) the doctors' failing to perform a cesarean section resulted in the extended labor and birthing process. We agree with the court of appeals that as to the foregoing standard of care and breach, Dr. Tyuluman's report was not conclusory. Dr. Arant's report explained that asphyxia during the birth process caused F.C.'s kidney injury, and Dr. Seals's report stated his opinion that the hypoxic-ischemic event during the labor and delivery process caused F.C.'s brain injury.

5

Accordingly, we agree with the court of appeals that the trial court did not abuse its discretion by finding Moreno's reports adequate as to the claim that Presbyterian is vicariously liable for actions of the doctors.[4]

### III. Direct Liability and Vicarious Liability for Nurses' Negligence

As we articulated in *Certified EMS*, the TMLA requires a claimant to timely file an adequate expert report as to each defendant in a health care liability claim, but it does not require an expert report as to each liability theory alleged against that defendant. *Certified EMS, Inc.*, ___ S.W.3d at ___. Here, because the trial court did not abuse its discretion in finding Moreno's reports adequate as to her theory that Presbyterian is vicariously liable for the doctors' actions, her suit against Presbyterian—including her claims that the hospital has direct liability and vicarious liability for actions of the nurses—may proceed. *See id.* at ___.

### IV. Conclusion

We affirm the court of appeals' judgment as to the adequacy of the reports regarding the claim that Presbyterian is vicariously liable for the doctors' actions. We need not and do not consider whether the TMLA authorized the court of appeals to remand the case to the trial court for it to consider granting a second extension of time for Moreno to cure her reports. We reverse that part of the court of appeals' judgment by which it did so, but affirm its judgment remanding the entire suit to the trial court.

The cause is remanded to the trial court for further proceedings consistent with this opinion.

---

[4] Presbyterian does not concede that it can be held vicariously liable for the doctors' actions. But it acknowledges that whether it can be is not a question to be determined in this appeal.

6

_____
Phil Johnson
Justice

**OPINION DELIVERED:**  April 5, 2013