

# NUMBER 13-12-00778-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CHRISTUS SPOHN HEALTH
SYSTEM CORPORATION
D/B/A CHRISTUS SPOHN,                                                    Appellant,

v.

BRET JOHNSTON AND
THE ESTATE OF KAREN
JOHNSTON                                                                  Appellee.

**On appeal from the 36th District Court
of Bee County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant, Christus Spohn Health System Corporation d/b/a Christus Spohn

Hospital Beeville, appeals the trial court's order denying its motion to dismiss pursuant

to Chapter 74 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (West 2011). We affirm.

## I. BACKGROUND

In this case, appellees, Bret Johnston and the Estate of Karen Johnston, have filed health care liability claims against appellant, as well as Jose L. Zamora, M.D., Arthur Chin, M.D., Scott Stein, M.D., Kenzer Dirkson, M.D., and Beeville Angel Care Ambulance Service, Inc. *See id.* § 74.001(a)(13) (West Supp. 2011) (defining "[h]ealth care liability claim").[1] The claims arise from the death of Karen Johnston ("Karen") on September 22, 2009. In September 2009, Karen became ill and presented to appellant's emergency room on multiple occasions with flu-like symptoms. On the first emergency room visit, Karen was examined by Dr. Dirkson, who sent her home. On a second emergency room visit, Karen was examined by Dr. Zamora, who also sent her home. In this suit, appellees assert a direct liability claim against appellant for negligent hiring, supervision, retention and control of emergency room physicians Dirkson and Zamora ("negligent credentialing claim"). Additionally, appellees allege that Drs. Dirkson and Zamora were agents, employees or servants of appellant and that appellant is therefore vicariously liable for their actions.

Appellees timely served upon appellant the expert report and curriculum vitae of Lige B. Rushing, Jr., M.D. Appellant timely filed objections to the expert report based on Dr. Rushing's failure to demonstrate that he was qualified to offer any opinions as to appellant's alleged negligent credentialing of Drs. Dirkson and Zamora. In addition, appellant objected that Dr. Rushing's report failed to address the elements of standard of care, breach, and causation for appellees' negligent credentialing claim.

---

[1] Appellant is the only defendant before this Court in this interlocutory appeal.

Subsequently, appellees served upon appellant a supplemental report by Dr. Rushing. Appellant filed objections to the second expert report on the basis that it was untimely and failed to adequately address the elements of standard of care, breach, and causation for appellees' negligent credentialing claim. Appellant also filed a motion to dismiss, which was limited to appellees' negligent credentialing claim.

On December 18, 2012, the trial court conducted a hearing on appellant's objections to appellees' second expert report and appellant's motion to dismiss. The trial court overruled appellant's objections and denied its motion to dismiss. This interlocutory appeal ensued. *Id.* § 51.014(a)(9) (West 2011).

## II. ANALYSIS

In one issue, appellant argues that the trial court erred in denying its motion to dismiss appellees' negligent credentialing claim.

### A. Standard of Review

"We review the trial court's grant or denial of a motion for sanctions and dismissal under the abuse-of-discretion standard." *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010). "A district court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Id.* (citation omitted).

### B. Applicable Law

"A valid expert report has three elements: it must fairly summarize the applicable standard of care; it must explain how a physician or health care provider failed to meet that standard; and it must establish the causal relationship between the failure and the harm alleged." *Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 630 (Tex. 2013) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6)). "A report that satisfies these

3

requirements, even if as to one theory only, entitles the claimant to proceed with a suit against the physician or health care provider." *Id.*

"The report serves two functions." *Id.* "First, the report must inform the defendant of the specific conduct the plaintiff has called into question." *Id.* "Second, and equally important, the report must provide a basis for the trial court to conclude that the claims have merit." *Id.* "A report need not cover every alleged liability theory to make the defendant aware of the conduct that is at issue." *Id.* "For the particular liability theory addressed, the report must sufficiently describe the defendant's alleged conduct." *Id.* at 631. "Such a report both informs a defendant of the behavior in question and allows the trial court to determine if the allegations have merit." *Id.* "If the trial court decides that a liability theory is supported, then the claim is not frivolous, and the suit may proceed." *Id.*

"This approach is consistent with the Legislature's intent." *Id.* "The Legislature's goal was to deter baseless claims, not to block earnest ones." *Id.* The Texas Supreme Court has "opined that one purpose of the report requirement is to expeditiously weed out claims that have no merit." *Id.* The Texas Supreme Court has "also stated that the purpose of evaluating expert reports is to deter frivolous claims, not to dispose of claims regardless of their merits." *Id.* Thus, "[i]f a health care liability claim contains at least one viable liability theory, as evidenced by an expert report meeting the statutory requirements, the claim cannot be frivolous." *Id.* "In sum, an expert report that adequately addresses at least one pleaded liability theory satisfies the statutory requirements, and the trial court must not dismiss in such a case." *Id.* at 632.

**C. Discussion**

4

We begin with the Texas Supreme Court's recent decision in *Potts*, which we conclude is controlling in this case. *See id.* at 629. In *Potts*, the plaintiff sued a health care provider, alleging that it was directly and vicariously liable for an assault committed by its nurse. *Id.* at 626. The plaintiff provided expert reports; however, the reports did not address the plaintiff's direct liability theories. *Id.* at 627 n.2. The defendant sought dismissal because the expert reports did not specify how the defendant was directly negligent. *Id.* at 626. The defendant did not challenge the reports' adequacy concerning its vicarious liability. *Id.* The trial court denied the motion to dismiss. *Id.*

On appeal, the Texas Supreme Court rejected the defendant's argument that "the trial court must dismiss those theories that are unsupported by a report." *Id.* at 629. The Court explained that "[n]o provision of the [TMLA] requires an expert report to address each alleged liability theory." *Id.* at 630. The Court further explained that "[i]f a health care liability claim contains at least one viable liability theory, as evidenced by an expert report meeting the statutory requirements, the claim cannot be frivolous." *Id.* at 631. The Court noted that the plaintiff had "demonstrated to the trial court that at least one of her alleged theories—vicarious liability—had expert support." *Id.* On this basis, the Court "recognized her right to have the entire case move forward" and affirmed the trial court's ruling. *Id.* In addition, we note that the Texas Supreme Court also reached the same conclusion in *Moreno*, which involved the same issue. *See also TTHR Ltd. P'ship d/b/a Presbyterian Hosp. of Denton v. Moreno*, No. 11-0630, 2013 Tex. LEXIS 271, at *9 (Tex. April 5, 2013) ("Here, because the trial court did not abuse its discretion in finding Moreno's reports adequate as to her theory that Presbyterian is vicariously liable for the doctors' actions, her suit against Presbyterian—including her claims that

5

the hospital has direct liability and vicarious liability for actions of the nurses—may proceed.").

Similarly, in this case, appellees have asserted claims against appellant based on direct and vicarious theories of liability. Appellant contends that appellees' expert reports are deficient with respect to the direct liability claim (i.e., negligent credentialing) and that dismissal of the direct liability claim was therefore mandatory. However, like the defendant in *Potts*, appellant has not challenged the reports' adequacy concerning its vicarious liability. Therefore, it was not error for the trial court to conclude that at least one of appellees' alleged theories—vicarious liability—had expert support. *See Potts*, 392 S.W.3d at 631. Furthermore, under *Potts*, "if any liability theory has been adequately covered, the entire case may proceed." *Id.* at 632. Therefore, appellees have the right to have the entire case move forward. *See id.* at 630. Accordingly, the trial court did not abuse its discretion in denying appellant's motion to dismiss. *See Sims v. Kemmerling*, No. 09-12-00338-CV, 2013 Tex. App. LEXIS 3060, at *6 (Tex. App.—Beaumont Mar. 21, 2013, no pet. h.) (mem. op.) ("The trial court may deny the motion to dismiss if the plaintiff provides a report that is adequate as to any of the theories alleged."); *see also Huepers v. St. Luke's Episcopal Hosp.*, No. 01-11-00074-CV, 2013 Tex. App. LEXIS 5227, at *15 (Tex. App.—Houston [1st Dist.] April 30, 2013, no pet. h.) (mem. op.) (holding that because hospital waived adequacy of expert report with regard to vicarious liability claim, "[n]o further report was required when [plaintiff's] petition was amended to add a new theory of vicarious liability against [hospital] based upon nursing negligence and the trial court erred in granting [hospital's] motion to dismiss").

Accordingly, appellant's issue is overruled.

### III. Conclusion

The order of the trial court is affirmed.

_____
NORA L. LONGORIA
Justice

Delivered and filed the
23rd day of May, 2013.