# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00153-CV

**Anurekha Chadha, M.D. and Austin Regional Clinic, P.A., Appellants**

**v.**

**Sharon Rothert and Fred Rothert, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GN-12-001752, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Sharon and Fred Rothert filed a health-care-liability claim against Anurekha Chadha, M.D., and Austin Regional Clinic, P.A. (cumulatively Austin Regional). In June 2010, Sharon went to see Dr. Chadha regarding pain in her hands, hips, and neck. In the course of treatment, Dr. Chadha ordered an erythrocyte sedimentation rate test for inflammation. The test revealed that Sharon had an elevated sedimentation rate. Sharon returned to Dr. Chadha one month later, and Dr. Chadha told her to take prednisone to treat the symptoms that she was experiencing in her hands, hips, and neck. Dr. Chadha also mentioned the elevated sedimentation rate. At the end of the consultation, Dr. Chadha asked Sharon to call him and let him know how she was responding to the medication. Sharon did not call. Approximately one year later, Sharon went to the emergency room because she was experiencing vision loss. During her treatment, Sharon was diagnosed with temporal arteritis. As a result of her condition, Sharon is now legally blind.

Subsequent to Sharon receiving her diagnosis, the Rotherts filed suit against Austin Regional. After the Rotherts filed an expert report, *see* Tex. Civ. Prac. & Rem. Code § 74.351 (requiring claimant in health care claim to file expert report), Austin Regional asserted that the report was deficient and not a good faith effort to comply with the governing statutory framework, *id.* § 74.351(c) (explaining that report may be challenged if elements of report are deficient). Accordingly, Austin Regional asked the district court to dismiss the case. *Id.* § 74.351(b) (stating that if expert report has not been timely served, trial court must dismiss claim if defendant files motion seeking dismissal), (*l*) (allowing court to grant motion challenging adequacy of report if "report does not represent good faith effort to comply with the definition of an expert report"). After considering Austin Regional's motion and the responses by the Rotherts, the district court overruled Austin Regional's objections to the report and denied its motion to dismiss. Austin Regional appeals the order of the district court. *See id.* § 51.014(a)(9) (authorizing interlocutory appeal of denial of motion to dismiss for failure to file expert report); *Ogletree v. Matthews*, 262 S.W.3d 316, 320-21 (Tex. 2007) (discussing statutory provisions governing appeals of rulings challenging expert reports).

In its appeal, Austin Regional challenges the district court's ruling regarding its objections to the adequacy of the expert report and its accompanying motion to dismiss. We review a trial court's ruling regarding the adequacy of an expert report for an abuse of discretion. *TTHR Ltd. P'ship v. Moreno*, 401 S.W.3d 41, 44 (Tex. 2013); *see also Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (describing abuse-of-discretion standard).

An expert report serves two purposes: it informs the defendant about the specific conduct that the claimant believes to be improper, and it provides "'a basis for the trial court

2

to conclude that the claims have merit.'" *Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 630 (Tex. 2013) (quoting *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 879 (Tex. 2001)). Under the governing statute, an expert report is "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." Tex. Civ. Prac. & Rem. Code § 74.351(r)(6). If a report satisfies these requirements, "even if as to one theory only," the claimant may proceed with his "suit against the physician or health care provider." *Potts*, 392 S.W.3d at 630. In determining whether the report is sufficient, courts "look no further than the report itself." *HEB Grocery Co., L.L.P. v. Farenik*, 243 S.W.3d 171, 174 (Tex. App.—San Antonio 2007, no pet.). Moreover, the report may be informal, meaning "that the information in the report does not have to meet the same requirement as the evidence offered in a summary judgment proceeding," *id.*, and the report need not "rule out every possible cause of the injury, harm, or damages claimed," *Baylor Med. Ctr. v. Wallace*, 278 S.W.3d 552, 562 (Tex. App.—Dallas 2009, no pet.).

In this case, Austin Regional does not challenge the qualification of the expert preparing the report, Dr. Life Rushing, and does not challenge the standard of care. Instead, Austin Regional limits its challenge to the causation element.

In his report, Dr. Rushing stated that the standard of care in these circumstances "required that Dr. Chadha follow-up with the patient regarding the elevated sedimentation rate in 2010." Specifically, the report opined that Dr. Chadha "should have called [Sharon] and had her

3

return for a follow-up" because "Dr. Chadha knew or should have known that a sedimentation rate of 52 mm in one hour is a major abnormality and requires a comprehensive evaluation to try to find the cause." In fact, Dr. Rushing related that Dr. Chadha should have performed "a comprehensive workup to determine the cause of the elevated sedimentation rate, including an examination of the temporal arteries; a thorough inquiry of [Sharon] regarding the presence of other symptoms signaling temporal arteritis"; and a temporal artery biopsy "if necessary and if [Sharon]'s sedimentation rate continued to stay elevated." Furthermore, Dr. Rushing explained that temporal arteritis can be present for months and that the disease and symptoms can evolve over time. Accordingly, Dr. Rushing stated that the elevated sedimentation rate was, in his opinion, an early symptom of temporal arteritis. In light of the above, Dr. Rushing related that it "was more likely than not" that a thorough "workup . . . would have revealed that the cause of the elevated sedimentation rate was temporal arteritis," that a follow up would have lead to a diagnosis of and treatment for temporal arteritis, and that it was "more likely than not" that early treatment would have prevented Sharon from suffering any visual loss. Finally, Dr. Rushing stated that Dr. Chadha's actions "proximately caused" Sharon to suffer visual loss.

Given the language of the report, we cannot conclude that the district court abused its discretion by determining that the report provided the requisite causal relationship. *See Farenik*, 243 S.W.3d at 174 (explaining that report must explain basis of expert's statements "to link his conclusions to the facts"). For that reason, we also cannot conclude that the district court abused its discretion by overruling Austin Regional's objections to the expert report or by denying Austin Regional's motion to dismiss. Accordingly, we overrule Austin Regional's issue on appeal and affirm the district court's order.

4

_____

David Puryear, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed:   February 5, 2014