# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00363-CV

**Dr. Eddie Johnson, Appellant**

**v.**

**David G. Sweet, DDS, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
## NO. 258-288-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Eddie Johnson[1] appeals from the trial court's final judgment dismissing his medical-malpractice suit against David G. Sweet, a dentist, for failure to serve an expert report as required by the Texas Medical Liability Act.[2] *See* Tex. Civ. Prac. & Rem. Code §§ 74.001-.507. We will affirm the trial court's judgment.

---

[1] Johnson represents himself in this appeal as he did in the trial court proceedings. Although we attempt to construe a pro se appellant's briefing liberally, *see* Tex. R. App. P. 38.9, we must also hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable procedural rules. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

[2] Chapter 74, including section 74.351, has been amended since the suit underlying this appeal was filed. *See* Act of May 24, 2013, 83d Leg., R.S., ch. 870., 2013 Tex. Sess. Law Serv. 2220. Because the changes are not relevant to this appeal, we will cite to the current version of the statute for convenience, unless otherwise noted.

## BACKGROUND

Johnson filed suit against Sweet alleging that "Sweet failed to exercise ordinary care and fail[ed] to exercise the degree of care and skill commonly used by dentists" and that, as a result, "he had to go to another dentist, [who] discovered part of [his] tooth was left in [his] top front gum." There is no dispute that Johnson's suit against Sweet is a "health care liability claim" under the Medical Liability Act, Chapter 74 of the Texas Civil Practice and Remedies Code. *See id*. § 74.001(a)(12), (13).

Under Chapter 74, a plaintiff asserting a health care liability claim must, as a threshold matter, serve an expert report on the defendant within 120 days of the date the original petition is filed. *Id*. § 74.351(a).[3] "The purpose of the report is to ensure that only meritorious lawsuits proceed by verifying, at the outset, that the plaintiff's allegations are medically well-founded." *Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249, 250 (Tex. 2010). If the plaintiff fails to file an expert report within the statutory time frame, the plaintiff's claims are subject to dismissal with prejudice "on the motion of the affected physician or healthcare provider." Tex. Civ. Prac. & Rem. Code § 74.351(b)(2).

Here, more than 120 days after Johnson filed suit, Sweet filed a motion to dismiss under section 74.351, arguing that Johnson's suit was a health care liability claim governed by Chapter 74 and that Johnson had wholly failed to filed an expert report as required by the Act.

---

[3] Section 74.351 was recently amended so that the expert-report deadline now runs from the date on which the defendant's original answer is filed. *See* Act of May 24, 2013, 83d Leg., R.S., ch. 870 §§ 2-4, 2013 Tex. Sess. Law Serv. 2220. Because the amendment did not take effect until September 1, 2013, it does not apply to this case. *See id*.

*See id.* After a hearing, the trial court granted Sweet's motion to dismiss and ordered that Johnson pay reasonable attorney's fees and costs of court incurred by Sweet in the amount of $3,500. *See id.* § 74.351(b)(1). Johnson subsequently filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## ANALYSIS

In his sole issue on appeal, Johnson asserts that the trial court "erred" when it granted Sweet's motion and dismissed his suit. Specifically, Johnson complains that the trial court "refused to hear and see all the evidence." We construe this as an argument that the evidence is insufficient to support the trial court's dismissal.

When the trial court does not issue findings of fact and conclusions of law, as in this case, we imply all findings necessary to support the judgment. *See Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011) (per curiam). Further, because Johnson failed to cause a reporter's record to be filed, we must presume that the trial court was presented with sufficient evidence to make all necessary findings. *See Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) ("[A]bsent a complete record on appeal, [the appellate court] must presume the omitted items supported the trial court's judgment."); *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("When there is no reporter's record made and there are no findings of fact, we assume that the trial court heard sufficient evidence to make all necessary findings in support of its judgment."). As a result, we assume that the trial court was presented with evidence sufficient to support the primary implied finding relevant to dismissal—that is, whether Johnson failed to serve Sweet with an expert report within 120 days of his filing suit. *See* Tex. Civ. Prac. & Rem.

3

Code § 74.351(a).[4] Similarly, we assume that Sweet presented sufficient evidence in support of his statutory claim for attorney's fees and costs of court. *See id*. § 74.351(b)(1) (requiring court to award "reasonable attorney's fees and costs of court" where claimant fails to timely serve expert report).

Appellate courts review a ruling on a motion to dismiss under section 74.351 under an abuse-of-discretion standard. *TTHR Ltd. P'ship v. Moreno*, 401 S.W.3d 41, 44 (Tex. 2013). Based on the limited record before us, we cannot conclude that the trial court abused its discretion in dismissing Johnson's suit.[5] *See Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) (noting that "without a reporter's record, an appellate court cannot review a trial court's order for an abuse of discretion"). Accordingly, we overrule Johnson's issue on appeal and affirm the trial court's judgment.

---

[4] In fact, there is no indication in the clerk's record on appeal that Johnson ever filed a written response to Sweet's motion to dismiss.

[5] To the extent Johnson contends that the trial court should have considered the "report" attached to his motion for new trial, we disagree. First, Johnson does not allege, nor is there any evidence in the record suggesting, that this "report" was ever served on Sweet. *See Ogletree v. Matthews*, 262 S.W.3d 316, 320-21 (Tex. 2007) (noting that only deficient report, as opposed to absent report, may be cured through 30-day extension granted by court). Moreover, looking at the four corners of the "report," which appears to be a letter from another dentist concerning a refund provided to Johnson for dental work, we conclude that it wholly fails to qualify as an "expert report" under Chapter 74. *See* Tex. Civ. Prac. & Rem. Code § 74.351(r)(6) (expert report must summarize the expert's opinions "regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed"). The "report" does not reference Sweet or the care rendered by Sweet, nor does it discuss the applicable standard of care or the manner in which Sweet failed to meet that standard. *See American Transition Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 879 (Tex. 2001) (expert report must inform defendant of specific conduct complained of and must provide basis from which trial court can determine whether claims have merit); *cf. Scoresby v. Santillan*, 346 S.W.3d 546, 557 (Tex. 2011) (noting that not every document qualifies as "expert report," but concluding that letter from doctor qualified as expert report, albeit deficient, because letter described claimant's injury and ascribed injury to physician's standard of care).

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed:   November 7, 2014