

# NUMBER 13-18-00077-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MCALLEN HOSPITALS, L.P.,                            **Appellant,**

**v.**

SALVADOR GONZALEZ, INDIVIDUALLY,
AS REPRESENTATIVE OF THE ESTATE
OF SANTOS CAMACHO, DECEASED,
AND AS REPRESENTATIVE OF THE
STATUTORY WRONGFUL-DEATH
BENEFICIARY OF SANTOS CAMACHO,            **Appellee.**

On appeal from the 139th District Court
of Hidalgo County, Texas.

# OPINION

Before Justices Rodriguez, Contreras, and Benavides
Opinion by Justice Contreras

In this interlocutory appeal, appellant McAllen Hospitals, L.P. (the Hospital) challenges the denial of its motion to dismiss the health care liability claims of appellee Salvador Gonzalez, individually, as representative of the estate of Santos Camacho, deceased, and as representative of the statutory wrongful-death beneficiary of Santos Camacho. By one issue, the Hospital argues the trial court abused its discretion when it denied its motion to dismiss. We affirm.

## I. BACKGROUND

On January 1, 2017, Santos Camacho was admitted to the emergency department of McAllen Medical Center, which is operated by the Hospital. During his time at the Hospital, Camacho was overseen by two physicians: Israel Becerra, M.D., and Olga Olivares-Herrera, M.D. Camacho was an indigent patient in emergent need of hemodialysis; however, he never received this treatment and passed away almost eighteen hours after his admission.

Gonzalez, Camacho's son, sued the Hospital on behalf of his father's estate and Camacho's other children. Gonzalez's live petition alleged the Hospital was vicariously liable for: (1) the physicians' negligence in the medical care and treatment provided to Camacho; and (2) the physicians' conduct, because the Hospital owed a nondelegable duty to provide emergency services to all persons regardless of their ability to pay. *See* TEX. HEALTH & SAFETY CODE ANN. § 311.022 (West, Westlaw through 2017 1st C.S.).[1]

---

[1] Section 311.022 of the Texas Health and Safety Code provides, in part, that:

(a) An officer, employee, or medical staff member of a general hospital may not deny emergency services because a person cannot establish the person's ability to pay for the services or because of the person's race, religion, or national ancestry if:

    (1) the services are available at the hospital; and

    (2) the person is diagnosed by a licensed physician as requiring those services.

2

Gonzalez also alleged the Hospital was liable for its own "negligence and gross negligence."

On October 20, 2017, Gonzalez served the Hospital with an expert report authored by Bruce Kone, M.D. Dr. Kone's report noted he had reviewed some of the medical records of Camacho including the records of his treatment at McAllen Medical Center on January 1, 2017. In his report, Dr. Kone discussed: the signs and symptoms exhibited by Camacho upon his admission into McAllen Medical Center; his medical history; how he was suffering from acute pulmonary edema, uremia, hyperkalemia, and acidosis; and how he needed urgent hemodialysis. Dr. Kone explained how Dr. Becerra and Dr. Olivares-Herrera breached applicable standards of care when they failed to get Camacho hemodialysis and how their breaches of the standards of care led to Camacho's death. While Dr. Kone's report noted that the events that led to Camacho's death occurred at McAllen Medical Center, it focused on addressing the conduct of Dr. Becerra and Dr. Olivares-Herrera.

On December 18, 2017, the Hospital moved to dismiss Gonzalez's "direct" negligence claims, if any, on the basis that Gonzalez had not filed an expert report as required by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West, Westlaw through 2017 1st C.S.). At a hearing on the motion, the Hospital argued, in essence, that

---

(b) An officer or employee of a general hospital may not deny a person in need of emergency services access to diagnosis by a licensed physician on the hospital staff because the person cannot establish the person's ability to pay for the services or because of the person's race, religion, or national ancestry.

(c) In addition, the person needing emergency services may not be subjected to arbitrary, capricious, or unreasonable discrimination based on age, sex, physical condition, or economic status.

TEX. HEALTH & SAFETY CODE ANN. § 311.022 (West, Westlaw through 2017 1st C.S.); *see also id.* § 241.003(5) (West, Westlaw through 2017 1st C.S.) (defining general hospital).

3

any direct negligence theories against the Hospital at that time, and in the future, should be dismissed with prejudice because Gonzalez failed to provide a statutorily compliant expert report as to any such claims. *See id.* § 74.351(a). The trial court denied the Hospital's motion. This interlocutory appeal followed. *See id.* § 51.014(a)(9) (West, Westlaw through 2017 1st C.S.) (authorizing interlocutory appeal of the denial of a motion to dismiss filed under 74.351(b)).

## II. DISCUSSION

### A. Standard of Review

We review a trial court's decision on the sufficiency of an expert's report and on a motion to dismiss under the expert-report rule for an abuse of discretion. *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351. A court abuses its discretion if it acts in an arbitrary or unreasonable manner and without reference to any guiding rules or principles. *Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 911 (Tex. 2017). "When reviewing matters committed to the trial court's discretion, 'the reviewing court may not substitute its judgment for that of the trial court.'" *Miller v. JSC Lake Highlands Operations, LP*, 536 S.W.3d 510, 512–13 (Tex. 2017) (quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992)).

### B. Applicable Law

Section 74.351 of the Texas Civil Practice and Remedies Code provides that a plaintiff in a health care liability suit must serve the medical defendant with a statutorily-compliant expert report accompanied by the expert's curriculum vitae. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351. If a plaintiff fails to do so within 120 days of filing suit, the trial court must dismiss the claim with prejudice on the defendant's motion. *See id.*

4

§ 74.351(a), (b)(2). The goal is "to deter frivolous lawsuits by requiring a claimant early in litigation to produce the opinion of a suitable expert that his claim has merit." *Columbia Valley Healthcare Sys., L.P. v. Zamarripa*, 526 S.W.3d 453, 460 (Tex. 2017) (citing *Scoresby v. Santillan*, 346 S.W.3d 546, 552 (Tex. 2011)). Therefore, an expert report is a low threshold a person bringing a claim against a health care provider must cross merely to show that his or her claim is not frivolous. *Loaisiga v. Cerda*, 379 S.W.3d 248, 264 (Tex. 2012).

"A trial court must sustain a challenge to a report's adequacy if the report does not represent an objective good faith effort to provide a fair summary of the applicable standard of care, the defendant's breach of that standard, and how that breach caused the patient's harm." *Miller*, 536 S.W.3d at 513 (internal quotation marks omitted); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(*l*), (r)(6). "A good-faith effort must 'provide enough information to fulfill two purposes: (1) it must inform the defendant of the specific conduct the plaintiff has called into question, and (2) it must provide a basis for the trial court to conclude that the claims have merit.'" *Miller*, 536 S.W.3d at 513 (quoting *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam)). All information needed for this inquiry is found within the four corners of the expert report, which need not marshal all of the plaintiff's proof. *Jelinek*, 328 S.W.3d at 539 (citing *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 879, 879 (Tex. 2011)).

Two decisions by the Texas Supreme Court—*TTHR Ltd. Partnership v. Moreno* and *Certified EMS, Inc. v. Potts*—have made it clear that the Texas Medical Liability Act requires a plaintiff to timely file an adequate expert report as to each defendant in a health care liability claim, but it does not require an expert report as to each liability theory

5

alleged against that defendant. *TTHR Ltd. P'ship v. Moreno*, 401 S.W.3d 41, 44 (Tex. 2013) ("[B]ecause the trial court did not abuse its discretion in finding Moreno's reports adequate as to her theory that [the hospital] is vicariously liable for the doctor's actions, her suit against [the hospital]—including her claims that the hospital has direct liability and vicarious liability for actions of the nurses—may proceed."); *Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 632 (Tex. 2013) ("[W]hen a healthcare liability claim involves a vicarious liability theory, either alone or in combination with other theories, an expert report that meets the statutory standards as to the employee is sufficient to implicate the employer's theory under the vicarious theory. And if any liability theory has been adequately covered, the entire case may proceed."); *see, e.g.*, *Bay Oaks SNF, LLC v. Lancaster*, 555 S.W.3d 268, 278–84 (Tex. App.—Houston [1st Dist.] 2018, pet. filed) (concluding that the expert report satisfied section 74.351's requirements as to a survival claim; therefore, the trial court did not abuse its discretion by denying the healthcare providers' motion to dismiss the wrongful death claim, and the entire case could proceed); *SCC Partners, Inc. v. Ince*, 496 S.W.3d 111, 114–15 (Tex. App.—Fort Worth 2016, pet dism'd) (providing that "if at least one alleged claim, theory, or cause of action in a healthcare liability suit has expert support, then the legislative intent of deterring frivolous suits has been satisfied"); *THN Physicians Assoc. v. Tiscareno*, 495 S.W.3d 599, 616 (Tex. App.—El Paso 2016, no pet.).[2] In other words, the report need not cover every

---

[2] The Hospital cites a prior opinion of this Court in support of its argument that a plaintiff is required to file an expert report for both direct and vicarious liability claims. *See RGV Healthcare Assocs., Inc. v. Estevis*, 294 S.W.3d 264, 270–74 (Tex. App.—Corpus Christi 2009, pet. denied). However, we decided *Estevis* before the Supreme Court established that a plaintiff is not required to file an expert report for each liability theory alleged against a medical defendant, as long as the plaintiff files an adequate expert report as to one theory of liability against that defendant. *TTHR Ltd. P'ship v. Moreno*, 401 S.W.3d 41, 44 (Tex. 2013); *Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 632 (Tex. 2013). We follow the precedent the Texas Supreme Court has established. *City of New Braunfels v. Stop the Ordinances Please*, 520 S.W.3d 208,

6

alleged liability theory to make the defendant aware of the conduct that is at issue, nor is it required for the report to include "litigation-ready" evidence. *Potts*, 392 S.W.3d at 630–31 (citing *Palacios*, 46 S.W.3d at 879); *see Ince*, 496 S.W.3d at 114–15.

## C. Analysis

On appeal, the Hospital argues that Gonzalez pleaded direct liability claims and that the trial court erred when it did not dismiss them. Specifically, the Hospital points to Gonzalez's claims regarding (1) the Hospital's alleged nondelegable duty[3] and (2) the Hospital's own negligence and gross negligence. The Hospital presents several arguments in support of its assertion that these "direct" claims should have been dismissed.

### 1. "No Report"

First, the Hospital argues that "no report" was filed as to the direct liability claims because Dr. Kone's report did not "implicate" the Hospital. The Hospital argues the report focuses on the actions of non-party physicians—Dr. Becerra and Dr. Olivares-Herrera—and that the report "failed to name the Hospital, let alone address the standard of care, breach, or causation attributable to the direct liability allegations."

---

224 (Tex. App.—Austin 2017, pet. denied); *Capetillo v Crosby Cty. Fuel Ass'n*, 407 S.W.2d 335, 337 (Tex. App.—Amarillo 1966, no writ).

[3] A claim brought against a party based on a nondelegable duty is one of vicarious liability, not direct. *See MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 153–54 (Tex. 1992); *Alamo Nat'l Bank v. Kraus*, 616 S.W.2d 908, 910–11 (Tex. 1981); *Bond v. Otis Elevator Co.*, 388 S.W.2d 681, 685–86 (Tex. 1965) (op. on reh'g). If a statute imposes a nondelegable duty on a party, the party is liable for acts violating the duty even if the duty was performed by an independent contractor. *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 795–95 (Tex. 2006); *see MBank El Paso*, 836 S.W.2d at 153; *see also* RESTATEMENT (SECOND) OF TORTS § 424. "A duty is nondelegable when it 'is imposed by law on the basis of concerns for public safety.'" *Ramirez*, 196 S.W.3d at 795 (quoting *MBank El Paso*, 836 S.W.2d at 153); *Edwards v. Hammerly Oaks, Inc.*, 908 S.W.2d 270, 273 (Tex. App.—Houston [1st Dist.] 1995), *aff'd as modified*, 958 S.W.2d 385 (Tex. 1997).

7

However, as previously noted, an expert report that adequately addresses at least one pleaded liability theory against a defendant is enough to defeat that defendant's motion to dismiss under the expert report rule, *Moreno*, 401 S.W.3d at 44; *Potts*, 392 S.W.3d at 632, and the Hospital does not argue that Dr. Kone's report did not satisfy the statute as to Gonzalez's vicarious liability claims. On the contrary, the record indicates that the Hospital conceded that Dr. Kone's expert report satisfied the statute as to the vicarious liability claims.[4] When a health care liability claim involves a vicarious liability theory, either alone or in combination with other theories, and there is an expert report sufficient to support that vicarious liability theory, the entire case may proceed past a motion to dismiss based on the expert report rule. *E.g.*, *Moreno* 401 S.W.3d at 45; *Potts*, 392 S.W.3d at 632. Therefore, we reject the Hospital's argument that the trial court erred in denying its motion to dismiss Gonzalez's direct liability claims.

## 2. Sufficiency

Next, the Hospital challenges the denial of its motion to dismiss the direct liability claims on the basis that the expert report did not include the standard of care, breach, and causation for the direct liability claims—i.e., as to the Hospital itself. However, the statute provides that a medical defendant must object to an expert report's sufficiency regarding the standard of care, breach of the standard of care, and causation of the plaintiff's injuries no later than twenty-one days after service. Tex. Civ. Prac. & Rem.

---

[4] For vicarious liability claims, a report that adequately implicates the actions of that party's agents or employees is sufficient. *Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669, 671–72 (Tex. 2008) (per curiam). At the hearing on the Hospital's motion to dismiss, the Hospital's counsel stated: "Your Honor, we ask that any direct liability claims be dismissed as to the hospital. Vicarious liability claims, Your Honor, that we believe there's no legal basis for that either, but at this point we'll proceed with those and we'll provide the evidence that they're not under control of the hospital at a later date. But for this point, that's the basis for the Motion to Dismiss."

8

CODE ANN. § 74.351(a).  A defendant who fails to do so waives "all" objections to the report.  *Id.*; *see Ogletree*, 262 S.W.3d at 322.  Furthermore, the statute does not require dismissal of deficient but curable reports.  *Ogletree*, 262 S.W.3d at 320.  If a report is deficient, the plaintiff should be given thirty days to file an amended report to cure the deficiency.  TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c).

Here, the Hospital's objections regarding the standard of care, breaches thereof, and causation as to the Hospital itself are directed to the report's sufficiency, and they could have been brought within the statutory twenty-one-day period, as required.  *See id.* § 74.351(a); *Hebner v. Reddy*, 498 S.W.3d 37, 44 (Tex. 2016); *Ogletree*, 262 S.W.3d at 322; *Gardner*, 274 S.W.3d at 671 (concluding that report's failure to comply with Chapter 74 regarding the element of causation rendered the report defective rather than no report).  Gonzalez served the Hospital with Dr. Kone's report on October 20, 2017, and the Hospital filed its motion to dismiss on December 18, 2017.  Therefore, the hospital waived its objections to the report's sufficiency because they were not raised within twenty-one days of receiving Dr. Kone's report.  *Ogletree*, 262 S.W.3d at 322; *Houston Methodist Hosp. v. Nguyen*, 470 S.W.3d 127, 130 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *Troeger v. Myklebust*, 274 S.W.3d 104, 110 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).  We also note that an expert report is not required to identify a standard of care breached by a hospital if the theory of liability against the hospital is vicarious and based on the actions of the hospital's physicians.  *Nguyen*, 470 S.W.3d at 130; *see Thilo Burzlaff, M.D., P.A. v. Weber*, No. 04-17-00520-CV, __ S.W.3d __, __, 2018 WL 1176378, at *7 (Tex. App.—San Antonio Mar. 7, 2018, no pet.) ("Part of the reason an expert report is not required for the vicariously liable party is that the elements

9

of a Chapter 74 report relating to standards of care and causation cannot be applied to vicarious liability that is based on respondeat superior or partnership principles rather than direct allegations of negligence."); *Univ. of Med. Branch at Galveston v. Qi*, 370 S.W.3d 406, 413 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Dale*, 188 S.W.3d at 879.

We reject the Hospital's argument based on the sufficiency of Dr. Kone's report.

### 3. Independent Contractor

Next, the Hospital attempts to distinguish this case from the Texas Supreme Court's decisions in *Moreno* and *Potts*, which concluded that an expert report is not required for each pleaded theory of liability. *Moreno*, 401 S.W.3d at 44; *Potts*, 392 S.W.3d at 632. The Hospital argues those decisions are inapplicable because the doctors at hand are independent contractors and the supreme court used the words "employee" and "employer" in *Potts*, while the nurses in *Moreno* "were clearly employees of the hospital." *See Moreno*, 401 S.W.3d at 43–44; *Potts*, 392 S.W.3d at 632. Therefore, according to the Hospital, the trial court should have dismissed the direct claims because the physicians in questions were independent contractors. The Hospital's argument is misplaced.

In Texas, it is well settled that a hospital is generally not vicariously liable for the acts or omissions of a physician who is an independent contractor. *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 862 (Tex. 2009); *Columbia Med. Ctr. v. Hogue*, 271 S.W.3d 238, 247 (Tex. 2008); *Kimbrell v. Memorial Hermann Hosp. Sys.*, 407 S.W.3d 871, 876 (Tex. App.—Houston [14th Dist.] 2013, no pet.). However, this is not a

10

proper basis for dismissing a health care liability claim under the expert report rule.[5] *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 74.351; *Hebner*, 498 S.W.3d at 40 (quoting *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011)) ("The Texas Medical Liability Act aims to 'identify and eliminate frivolous healthcare liability claims expeditiously, while preserving those of *potential* merit.'"); *Potts*, 392 S.W.3d at 631 (noting that, "while a full development of all liability theories may be required for pretrial motions or to convince a judge or jury during trial, there is no such requirement at the expert report stage"); *Scoresby*, 346 S.W.3d at 552. In other words, the purpose of the statutorily mandated expert report is not to prove liability, but rather to simply show that a medical liability claim is not baseless before allowing the claim to proceed to discovery. *See Potts*, 392 S.W.3 at 631–32 (noting that the Legislature's intent in enacting the expert report requirement was to demonstrate to the trial court that the plaintiff has "at least one viable liability theory").

The cases cited by the Hospital in support of its argument make it clear that the Hospital can negate liability based on the physician's independent contractor status either at trial or in a motion for summary judgment. *See Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 862–65 (Tex. 2009) (jury charge); *Drennan v. Cmty. Health Inv. Corp.*, 905 S.W.2d 811, 818–19 (Tex. App.—Amarillo 1995, writ denied) (summary judgment); *Berel v. HCA Health Servs. of Tex., Inc.*, 881 S.W.2d 21, 23–26 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (summary judgment). And the Hospital cites no authority in support of its argument that a claim against a Hospital can be dismissed at the expert-report stage due to the independent contractor status of the physician

---

[5] At oral argument before this Court, the Hospital agreed that the employment status of the attending physicians is not a proper reason to dismiss Gonzalez's claims at the expert report stage.

11

responsible for the plaintiff's injuries. Accordingly, we reject the Hospital's argument that the trial court should have dismissed Gonzalez's direct claims because the doctors in question may have been independent contractors.

### 4. Discovery

Finally, the Hospital argues that the direct claims should have been dismissed because, otherwise, it would provide a loophole by allowing plaintiffs to conduct discovery regarding their direct claims without first providing a statutory-compliant report as to those claims. The Hospital argues that "Dr. Kone's expert report is a veiled attempt to investigate healthcare liability claims that have not been asserted." Again, this argument is misplaced.

The Texas Medical Liability Act requires the plaintiff to serve an expert report at the outset of litigation and before the opportunity to engage in significant discovery, including taking oral depositions of the defendants and its agents. *Mangin*, 480 S.W.3d at 713; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (stating that an expert report must be served no later than 120 days after the defendant's answer is filed); *id.* § 74.351(s) (limiting discovery until after the plaintiff serves the medical defendant with the expert report). As such, the Texas Supreme Court has noted that it may be difficult for a plaintiff to know every viable liability theory within 120 days of filing suit. *Potts*, 392 S.W.3d at 632; *Lancaster*, 555 S.W.3d at 279. Furthermore, the statute itself contemplates that the amount and quality of evidence available at the time of drafting the expert reports will be less than that available at trial on the merits or even the summary judgment stage. *Mangin*, 480 S.W.3d at 713; *cf. Wright*, 79 S.W.3d at 52 (noting that the report "need not marshal all the plaintiff's proof"); *Palacios*, 46 S.W.3d at 878 (same).

12

"Through the discovery process, a claimant can 'refine [his or her] pleadings to abandon untenable theories and pursue supported ones,' and a defendant may move for summary judgment to dispose of a claim that lacks evidentiary support." *Lancaster*, 555 S.W.3d at 279 (quoting *Potts*, 392 S.W.3d at 632). Carving out causes of action—i.e., alternative theories of liability—at the beginning of the suit before discovery has occurred would essentially require plaintiffs to meet summary judgment standard of proof at the expert-report stage, which the Texas Supreme Court has repeatedly rejected. *Ince*, 496 S.W.3d at 115; *see Potts*, 355 S.W.3d at 630–31; *Palacios*, 46 S.W.3d at 879. Requiring an expert report each time a plaintiff discovers a liability theory would "be impractical," and this requirement would "prohibit altogether those theories asserted more than 120 days after the original petition was filed—effectively eliminating a claimant's ability to add newly discovered theories." *Lancaster*, 555 S.W.3d at 279 (quoting *Potts*, 392 S.W.3d at 632). This would go beyond the purpose of the medical liability act and would provide for the disposal of claims that are not baseless. Because this is an interlocutory appeal, our disposition does not end the litigation but instead returns the parties to the district court to proceed to trial on the merits or avail themselves of other procedural avenues for seeking dismissal if there is evidence conclusively showing that the wrong party has been sued or that liability is negated. *See Mangin*, 480 S.W.3d at 714; *see also, e.g.*, TEX. R. CIV. P. 166a. The Hospital cites no authority for the proposition that a plaintiff in a medical liability suit must plead all theories of liability at the expert report stage, and we find none. Therefore, we reject this argument.

### 5. Summary

After rejecting all of the Hospital's arguments, we overrule its sole issue.

13

### III.  CONCLUSION

We affirm the trial court's order.

DORI CONTRERAS
Justice

Delivered and filed the 28th
day of December, 2018.