

NUMBER 13-15-00541-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARY MCCOY,                                                                 Appellant,

v.

ANTHONY SERNA,                                                              Appellee.

### On appeal from the 370th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Perkes and Longoria
### Memorandum Opinion by Justice Garza

This is an interlocutory appeal of the trial court's order denying appellant Mary McCoy's motion to dismiss the health care liability claims of appellee Anthony Serna based on Serna's failure to meet the expert report requirements of Texas Civil Practice and Remedies Code section 74.351. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a),

(b) (West, Westlaw through 2015 R.S.). Appellant contends that Serna's expert report failed to comply with the requirements of section 74.351 because it: (1) failed to establish the expert's qualifications to testify regarding the standard of care applicable to appellant, *see id.* § 74.402(b)(1) (West, Westlaw through 2015 R.S.); (2) failed to specify the standard of care applicable to appellant, *see id.* § 74.351(r)(6); and (3) failed to explain how appellant's purported breach of a standard of care caused Serna's injuries. *See id.* Because we conclude that the expert report failed to comply with the requirements of section 74.351, we reverse the trial court's order and remand to the trial court for entry of an order dismissing Serna's lawsuit with prejudice and for a determination of appellant's reasonable attorney's fees and costs.

## I. BACKGROUND

Serna sued Dr. Luis Gonzalez and appellant, a nurse practitioner employed at Dr. Gonzalez's clinic, for injuries allegedly arising from treatment of Serna's broken hand. Serna alleges that when he sought treatment of his hand, appellant advised him that he needed an x-ray. After Serna's mother, Lucy, stated that she did not have sufficient funds to pay for an x-ray, appellant allegedly said that the x-ray could be postponed. After Dr. Gonzalez applied a cast to Serna's hand, appellant allegedly told Serna that an x-ray was no longer needed until the cast was removed eight weeks later.

Several months later, Serna sought treatment at another clinic. X-rays showed that the fracture had not healed properly. After Serna was referred to a hand specialist, he underwent surgery to repair his hand.

Serna sued Dr. Gonzalez and served him with an expert report by Dr. Mark W. Scioli, an orthopedic surgeon. The trial court found the expert report deficient, but granted

2

a thirty-day extension to cure the deficiencies. *See id.* § 74.351(c). Dr. Scioli filed a supplemental expert report. Serna then filed an amended petition adding appellant as a defendant. Serna served appellant with the same reports by Dr. Scioli that he served to Dr. Gonzalez.

Appellant objected to Dr. Scioli's expert reports on the following grounds: (1) the reports do not establish Dr. Scioli's qualifications to address the standard of care for a nurse practitioner; (2) the reports do not establish the standard of care applicable to appellant; (3) the reports do not establish how appellant breached the standard of care; (4) the reports do not establish how any breach by appellant caused Serna's injuries; and (5) the reports are entirely conclusory. Following a hearing, the trial court denied appellant's motion to dismiss without stating a basis for its ruling.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision with respect to expert reports and the qualifications of experts for an abuse of discretion. *Larson v. Downing*, 197 S.W.3d 303, 304–05 (Tex. 2006); *Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001). The trial court abuses its discretion if it acts unreasonably or arbitrarily or without reference to any guiding rules or principles. *Larson*, 197 S.W.3d at 304–05.

The Texas Medical Liability Act requires a plaintiff in a suit against a physician or health care provider to serve an expert report on the defendant or the defendant's attorneys within 120 days after each defendant's original answer is filed. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). If the defendant objects to the adequacy of the report and files a motion to dismiss, the trial court should grant the motion "only if it appears to the

3

court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6)." *Id.* § 74.351(l), (r)(6). In the context of a motion to dismiss under section 74.351(b), "[a] good faith effort . . . simply means a report that does not contain a material deficiency." *Samlowski v. Wooten*, 332 S.W.3d 404, 409–10 (Tex. 2011).

"A valid expert report . . . must provide: (1) a fair summary of the applicable standards of care; (2) the manner in which the physician or health care provider failed to meet those standards; and (3) the causal relationship between that failure and the harm alleged." *TTHR Ltd. P'ship v. Moreno*, 401 S.W.3d 41, 44 (Tex. 2013) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6)). A plaintiff is not required to present evidence in the report as if he was arguing the merits, but it is not enough that the report merely state the expert's conclusions about the three elements. *See Palacios*, 46 S.W.3d at 878–79. "[R]ather, the expert must explain the basis of his statements to link his conclusions to the facts." *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (citing *Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999)).

The report must contain information that is sufficient to fulfill two purposes: "[f]irst, the effort must inform the defendant of the specific conduct the plaintiff has called into question. Second, . . . the report must provide a basis for the trial court to conclude that the claims have merit." *Palacios*, 46 S.W.3d at 879. "Therefore, an expert report that includes all the required elements, and that explains their connection to the defendant's conduct in a non-conclusory fashion, is a good faith effort." *Samlowski*, 332 S.W.3d at 410 (citations omitted); *see Otero v. Leon*, 319 S.W.3d 195, 199 (Tex. App.—Corpus Christi 2010, pet. denied).

4

## III. DISCUSSION

By her first issue, appellant argues that Dr. Scioli's reports are "completely silent" regarding his qualifications to testify regarding the standard of care applicable to a nurse practitioner.

An expert must satisfy section 74.402 to be qualified to provide opinion testimony regarding whether a health care provider departed from the accepted standard of care. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(5)(B). Section 74.402 lists three specific qualifications an expert witness must possess in order to provide opinion testimony on how a health care provider departed from accepted standards of health care. The expert must:

1. [be] practicing health care in a field of practice that involves the same type of care or treatment as that delivered by the defendant health care provider, if the defendant health care provider is an individual, at the time the testimony is given or was practicing that type of health care at the time the claim arose;

2. [have] knowledge of accepted standards of care for health care providers for the diagnosis, care, or treatment of the illness, injury, or condition involved in the claim; and

3. [be] qualified on the basis of training or experience to offer an expert opinion regarding those accepted standards of health care.

*Id.* § 74.402(b) (West, Westlaw through 2015 R.S.). In determining whether a witness is qualified on the basis of training or experience, section 74.402 also requires the court to consider whether the witness:

1. is certified by a licensing agency of one or more states of the United States or a national professional certifying agency, or has other substantial training or experience, in the area of health care relevant to the claim; and

2. is actively practicing health care in rendering health care services relevant to the claim.

5

*Id.* § 74.402(c). A plaintiff offering expert medical testimony must establish that the report's author has expertise regarding "the specific issue before the court which would qualify the expert to give an opinion on that particular subject." *Broders v. Heise*, 924 S.W.2d 148, 153 (Tex. 1996). Our analysis of the proffered expert's qualifications focuses on "the very matter" on which the expert is to give an opinion. *Id.*

Here, Dr. Scioli did not state in either report that he had any familiarity with the standard of care for a nurse practitioner. Serna argues that Dr. Scioli's curriculum vitae (CV) demonstrates that he is qualified to testify regarding the standard of care applicable to a nurse practitioner because he: (1) trains nurses and (2) is an experienced practicing orthopedic surgeon who "teaches nurses and works with nurses." Serna argues that because Dr. Scioli has given several "presentations and lectures" to nursing professionals, he meets the requirements of section 74.402(a)(1) and (b). *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.002(a)(1), (b). The presentations contained in the CV as referenced by Serna are:

- October 1999 – "Specific Topics for Rehabilitation Nurses and Case Managers", Texas Tech University Health Sciences Center School of Nursing Continuing Nursing Education Program, Lubbock, Texas;

- October 1999 – "Complications and Spinal Cord Injuries", Texas Tech Health Sciences Center School of Nursing Continuing Nursing Education Program, Lubbock, Texas;

- November 1998 – "Learning More About Scoliosis", Texas Association of School Nurses, Lubbock, Texas; and

- April 1998 – "Spring 1998: Total Knee Replacement Evaluation and Management", to Nursing Staff, St. Mary Hospital, Lubbock Texas.

None of these presentations addresses the standard of care applicable to a nurse practitioner in the treatment of a broken hand. Similarly, Dr. Scioli's experience as an

6

orthopedic surgeon does not establish that he is familiar with the standard of care applicable to a nurse practitioner in the treatment of a broken hand. In *Simonson v. Keppard*, the Dallas Court of Appeals found that an expert report was inadequate because the expert doctor was not qualified to give an opinion on the standard of care for a nurse practitioner. 225 S.W.3d 868, 872 (Tex. App.—Dallas 2007, no pet.). The *Simonson* court found the report inadequate because "[n]owhere in his affidavit does [the expert doctor] state that he either has knowledge of the standard of care applicable to nurse practitioners or that he has ever worked with or supervised nurse practitioners." *Id.* In contrast, the Fourteenth Court of Appeals found an expert report adequate and distinguishable from the report in *Simonson* where the expert report stated specifically, "I am familiar with the standard of care for both nurses and physicians for the prevention and treatment of decubitus ulcers." *San Jacinto Methodist Hosp. v. Bennett*, 256 S.W.3d 806, 814 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We cannot agree with Serna that the referenced presentations establish that Dr. Scioli was qualified to testify regarding the standard of care applicable to appellant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.402(b); *Bennett*, 256 S.W.3d at 814; *Simonson*, 225 S.W.3d at 873–74.

We conclude the trial court abused its discretion in denying appellant's motion to dismiss based on an inadequate expert report. We sustain appellant's first issue. Because of our disposition of appellant's first issue, we do not address her second and third issues. *See id.* at 874; *see also* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

We reverse the trial court's order and remand to the trial court for entry of an order dismissing Serna's lawsuit with prejudice and for a determination of appellant's

7

reasonable attorney's fees and costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(1).

DORI CONTRERAS GARZA
Justice

Delivered and filed the
6th day of October, 2016.