**Affirmed and Opinion filed July 9, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-01006-CV

## HOUSTON METHODIST HOSPITAL F/K/A THE METHODIST HOSPITAL, Appellant

### V.

## KARA NGUYEN, Appellee

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-17076**

## O P I N I O N

Appellant Houston Methodist Hospital brings this interlocutory appeal of the trial court's order denying its motion to dismiss the health care liability claims of appellee Kara Nguyen. Concluding that the Hospital waived its objections to Nguyen's expert reports, we affirm.

### *Background*

This is an interlocutory appeal involving a health care liability claim filed

under chapter 74 of the Civil Practice and Remedies Code.[1] Nguyen was hospitalized on multiple occasions after undergoing surgery to remove her spleen and gallbladder. She alleges that her injuries were proximately caused by substandard care provided by four physicians. Nguyen also alleges that the Hospital is vicariously liable for the physicians' conduct because the physicians were agents or employees of the Hospital.

Nguyen timely filed three expert reports that detailed how each of the four physicians purportedly proximately caused her injuries by breaching applicable standards of care. She did not file an expert report that expressly named the Hospital. Four months later, the Hospital filed its motion to dismiss, arguing that Nguyen had failed to serve it with an expert report. The trial court denied the motion.

### *Discussion*

In its sole issue, the Hospital argues that the trial court abused its discretion in denying the motion to dismiss, on the basis that Nguyen's vicarious liability claim is frivolous. Nguyen responds that the Hospital waived its objections to the sufficiency of the expert reports by not filing its motion to dismiss before the statutory deadline.

We review a trial court's ruling on a health care provider's motion to dismiss a health care liability claim for an abuse of discretion. *Obstetrical & Gynecological Assocs., P.A. v. McCoy*, 283 S.W.3d 96, 100 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). In the absence of findings of fact or conclusions of law, we uphold a trial court's ruling on a motion to dismiss on any theory supported by the record and imply any necessary findings of fact to support the ruling. *See*

---

[1] We have jurisdiction over this interlocutory appeal. Tex. Civ. Prac. & Rem. Code § 51.014(a)(9); *see Neason v. Buckner*, 352 S.W.3d 254, 257 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding court had jurisdiction over interlocutory appeal in which trial court had denied an untimely motion to dismiss expert report).

*Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011).

The Texas Medical Liability Act governs health care liability claims.[2] The Act requires that after the defendant's original answer is filed, the claimant must file and serve one or more expert reports no later than the 120th day after the defendant's original answer is filed.[3] Tex. Civ. Prac. & Rem. Code § 74.351(a). Once the claimant files her report,

> [e]ach defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, *failing which all objections are waived*.

*Id*. (emphasis added). If a defendant to the health care liability claim has not been served with an expert report within the time specified by the Act, the court shall, subject to a discretionary 30-day extension, award the affected defendant reasonable attorney's fees and court costs and dismiss the claim with prejudice with respect to the affected defendant. *Id*. § 74.351(b)-(c).

Because Nguyen claims that the Hospital waived its objections to her expert reports by not filing its motion to dismiss within the 21 days allotted for objections under the statute, we address that threshold matter first. *See McCoy*, 283 S.W.3d at 101; *Troeger v. Myklebust*, 274 S.W.3d 104, 108 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). In making this determination, we are not concerned with

---

[2] Tex. Civ. Prac. & Rem. Code §§ 74.001–.507. All references to the Act are to these provisions.

[3] An "expert report," as defined by the Act, is a written report by the expert that summarizes the expert's opinions regarding: (1) the applicable standards of care; (2) the manner in which the care provided by the physician or health care provider failed to meet the described standards; and (3) the causal relationship between that failure and the injury, harm, or damages claimed by the plaintiff. Tex. Civ. Prac. & Rem. Code § 74.351(r)(6); *see also Scoresby v. Santillan*, 346 S.W.3d 546, 549 (Tex. 2011) ("[A] document qualifies as an expert report if it contains a statement of opinion by an individual with expertise indicating that the claim asserted by the plaintiff against the defendant has merit.").

3

whether the expert reports fulfill all statutory requirements. *Troeger*, 274 S.W.3d at 108. We only are concerned with whether the report implicates the defendant's conduct such that the 21-day deadline for objections was triggered. *Id*. If it does, then the defendant's failure to object to the report before the deadline waives its right to challenge the report on appeal. *Neason v. Buckner*, 352 S.W.3d 254, 259 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Troeger*, 274 S.W.3d at 108. In that event, we do not consider the merits of the defendant's objections. *See Neason*, 352 S.W.3d at 259; *Troeger*, 274 S.W.3d at 108.

The Hospital complains that the expert reports addressed only the doctors' conduct and did not name the Hospital; however, the Hospital concedes that Nguyen pleaded that the Hospital was vicariously liable for the conduct of the doctors. When a health care liability claim involves a vicarious liability theory, an expert report that adequately implicates the actions of that party's agents or employees is sufficient to implicate the party under the vicarious theory. *Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669, 671–72 (Tex. 2008) (per curiam); *McCoy*, 283 S.W.3d at 102–03. And, if any liability theory has been adequately covered, the entire case may proceed. *Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 632 (Tex. 2013).

An expert report is not required to name a hospital expressly or identify a standard of care breached by a hospital if the theory of liability against the hospital is based upon the actions of the hospital's physicians. *See Univ. of Tex. Med. Branch at Galveston v. Qi*, 370 S.W.3d 406, 413 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *see also Univ. of Tex. Sw. Med. Ctr. v. Dale*, 188 S.W.3d 877, 879 (Tex. App.—Dallas 2006, no pet.) (holding that expert reports were not required to mention the defendant hospital because reports were based upon the actions of hospital physicians). Because Nguyen filed and served on the Hospital reports containing expert opinions as to claims against the defendant physicians, thereby

4

implicating the Hospital's conduct under Nguyen's pleaded theory of vicarious liability, we conclude that the Hospital was required to file any objections it had to the reports by the 21-day deadline. *See Neason*, 352 S.W.3d at 259.

The Hospital argues its motion to dismiss should have been granted because it conclusively established the four doctors were not its agents or employees.[4] We disagree. The Hospital was required to present its objections within 21 days of Nguyen's serving her expert reports, which it failed to do. *See Troeger*, 274 S.W.3d at 108 (holding defendant's failure to object timely waives its right to challenge expert report).

The Hospital argues allowing the case to proceed on a potentially frivolous vicarious liability claim would encourage claimants to artfully plead vicarious liability claims against hospital defendants to avoid dismissal of those defendants from the case. *See Loaisiga v. Cerda*, 379 S.W.3d 248, 261 (Tex. 2012) (holding expert may consider and assume "validity of matters set out in pleadings in the suit, absent a showing that the pleadings are groundless or in bad faith or rebutted by evidence in the record"). The Hospital would have this court add to the remedies already provided by Texas law, which we decline to do.[5] The Hospital cites *Loaisiga* for the proposition that the trial court must consider evidence to show that pleadings are groundless or in bad faith or rebutted by evidence in the

---

[4] The Hospital asserts Nguyen's vicarious liability claim is frivolous because she signed six consent forms acknowledging that the doctors who treated her were not employees or agents of the Hospital. We note that the existence of these forms, standing alone, does not necessarily establish that the doctors were not agents or employees of the Hospital. *See, e.g., Kimbrell v. Mem'l Hermann Hosp. Sys.*, 407 S.W.3d 871, 877 n.6 (Tex. App.—Houston [14th Dist.] 2013, no pet).

[5] We note that, as an alternative to its motion to dismiss, the Hospital moved for sanctions on the basis that Nguyen's vicarious liability claim was filed "in bad faith" and is frivolous. *See* Tex. Civ. Prac. & Rem. Code §§ 9.001-.014, 10.001-.006; Tex. R. Civ. P. 13, 215.2b. Even if the Hospital had challenged the trial court's failure to grant its motion for sanctions, we would not have jurisdiction to entertain any such complaint in this interlocutory appeal. *See generally* Tex. Civ. Prac. & Rem. Code § 51.014(a) (authorizing appeals from certain interlocutory orders).

record. *Loaisiga*, however, holds only that in formulating opinions, a medical expert must consider, at a minimum, medical records that are relevant to those opinions, along with the pleadings. *Id.* at 261. A medical expert is not qualified to render an opinion on the legal issue of vicarious liability. *RGV Healthcare Assocs., Inc. v. Estevis*, 294 S.W.3d 264, 273 (Tex. App.—Corpus Christi 2009, pet. denied) (citing *Dale*, 188 S.W.3d at 879 n.1). Moreover, the *Loaisiga* court does not suggest a merits-based evidentiary hearing as to liability when the trial court considers the adequacy of an expert report. Even if such a conclusion could be drawn from *Loaisiga* or the text of section 74.351, the Hospital missed the 21-day deadline by which to raise such a challenge.

In its reply brief, the Hospital asserts that it filed its motion to dismiss under section 74.351(b), which does not impose a deadline for a defendant to file a motion to dismiss.[6] Tex. Civ. Prac. & Rem. Code § 74.351(b). That section, however, is predicated on the complete failure of a claimant to file an expert report implicating the health care provider's conduct. *See id*. Nguyen's expert reports are not the equivalent of the complete absence of an expert report because, as discussed, they implicate the Hospital's conduct. *See Neason*, 352 S.W.3d at 258. Consequently, section 74.351(b) does not apply, and the Hospital was required to object to the reports within 21 days. *See id*.

The Hospital filed its motion to dismiss more than three months after the statutory deadline for objections. Consequently, the Hospital waived all of its objections to the sufficiency of Nguyen's expert reports, including its argument that Nguyen's vicarious liability claim is frivolous. As a result, the trial court did

---

[6] We note that the Hospital did not reveal in the body of its initial brief that the motion to dismiss was filed three months after the expert reports were filed and served or that Nguyen raised waiver in response to the motion.

not abuse its discretion by denying the Hospital's motion to dismiss. *See McCoy,* 283 S.W.3d at 100, 103.

We overrule the Hospital's sole issue. We affirm the trial court's denial of the Hospital's motion to dismiss.


/s/    Martha Hill Jamison
       Justice


Panel consists of Chief Justice Frost, and Justices Jamison and Busby.