Opinion issued June 15, 2021



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00618-CV

————————————

**GARY LYNN FOMBY, Appellant**

**V.**

**MANORCARE – SHARPVIEW OF HOUSTON, TEXAS, LLC, Appellee**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-19064**

---

## CONCURRING OPINION

The majority holds that *pro se* appellant Gary Lynn Fomby failed to preserve error in the trial court when he defeated ManorCare's Chapter 74 motion to dismiss his lawsuit. I respectfully disagree. Fomby raised his open-courts and due-process challenges in the trial court, before the court denied ManorCare's motion to dismiss.

Fomby's request for a continuance—which was never granted—did not nullify his constitutional arguments.

As such, I proceed to consider the merits of Fomby's open-courts and due-process challenges to Chapter 74's expert-report requirement. Because these challenges fail on the merits, I concur in the judgment.

## I.      Preservation of Open-Courts and Due-Process Challenges

Fomby preserved his open-courts and due-process challenges by raising them in his response to ManorCare's motion to dismiss.

On November 21, 2016, ManorCare filed its motion to dismiss Fomby's claims based on Fomby's alleged failure to file an expert report that comported with Texas Civil Practice and Remedies Code Section 74.351. In December, Fomby filed a response arguing that he had satisfied Chapter 74's expert-report requirement. In the alternative, he argued that the expert-report requirement is unconstitutional facially and as applied because the requirement "represent[s] an undue burden and substantial obstacle" to a litigant's access to the courts. The trial court denied ManorCare's motion to dismiss on February 6, 2017, without giving reasons. No party requested findings of fact or conclusions of law. ManorCare filed its notice of interlocutory appeal from the denial just ten days later, on February 16, 2017.

Ultimately, a panel of this Court agreed with ManorCare that Fomby's expert report did not constitute a good faith effort to comply with the expert-report

requirement in Chapter 74. Accordingly, we reversed the trial court's order denying ManorCare's motion to dismiss and remanded the case for further proceedings. *See Clavijo v. Fomby*, No. 01-17-00120-CV, 2018 WL 2976116, at \*12–16 (Tex. App.—Houston [1st Dist.] June 14, 2018, pet. denied) (mem. op.).

Here, the majority finds that Fomby failed to "preserve error before the previous appeal" because Fomby did not take the "opportunity to litigate" his constitutional open-courts challenges to Chapter 74 before ManorCare took its interlocutory appeal. I disagree. Fomby raised his open-courts and due-process constitutional challenges in his response to ManorCare's Chapter 74 motion to dismiss. As such, he fulfilled his obligation to "raise an open-courts challenge in the trial court." *See Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 222 (Tex. 2002).

The majority does not dispute that Fomby raised these constitutional issues in his response. Instead, the majority concludes that Fomby waived his constitutional challenges by later requesting that the trial court defer "any ruling" on "the constitutionality of Chapter 74" until Fomby could be discharged from the hospital. At such time, Fomby proposed to submit additional "responsive pleadings."

We liberally construe *pro se* pleadings and briefs. *J.R. Richard Enters., Inc. v. Niz*, No. 01-20-00124-CV, 2020 WL 7391710, at \*3 n.2 (Tex. App.—Houston [1st Dist.] Dec. 17, 2020, no pet.) (mem. op.). Even without liberal construction, Fomby's request appears to be a request for a continuance on the consideration of

3

his constitutional challenges, not a request to strike his constitutional arguments from his prior filings. *See Continuance*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "continuance" as an "adjournment or postponement of a trial or other proceeding to a future date"). The trial court never granted Fomby's request for a continuance. Consequently, Fomby's open-courts and due-process challenges were properly before the trial court when the court denied ManorCare's Chapter 74 motion to dismiss.

## II.     Merits Analysis

Finding that Fomby preserved error in the trial court with respect to his open-courts and due-process challenges, I turn to the merits and concur in the judgment. Fomby has not demonstrated that Chapter 74's expert-report requirement is unconstitutional, either on its face or as applied.

When reviewing the constitutionality of a statute, we begin with a presumption that it is constitutional. *Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003); *see also* TEX. GOV'T CODE § 311.021(1) ("In enacting a statute, it is presumed that . . . compliance with the constitutions of this state and the United States is intended."). The wisdom or expediency of the law is the Legislature's prerogative, not our own prerogative. *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 520 (Tex. 1995) (quoting *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex. 1968)). Fomby

bears the burden of proving that the statute fails to meet constitutional requirements. *See Walker*, 111 S.W.3d at 66.

Fomby has not demonstrated that the law's expert-report requirement violates the Texas Constitution's open courts provision, either facially or as applied. The Texas Constitution states: "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. This provision "prohibits the Legislature from making a remedy by due course of law contingent upon an impossible condition." *Stockton v. Offenbach*, 336 S.W.3d 610, 617–18 (Tex. 2011) (internal quotations omitted). The party alleging an open courts violation must raise a fact issue establishing that he did not have a "reasonable opportunity to be heard." *Id.* at 618; *Tenet Hosps. Ltd. v. Rivera*, 445 S.W.3d 698, 703 (Tex. 2014) ("Procedurally, the party raising the open courts challenge must raise a fact issue establishing that he did not have a reasonable opportunity to be heard.") (internal quotations omitted).

A claimant bringing an as-applied open-courts challenge to Chapter 74 must show that the expert-report requirement actually prevented him from bringing his claims. *See Stockton*, 336 S.W.3d at 618–19. To prevail on a facial challenge, a party must show that the statute, by its terms, always operates unconstitutionally. *Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 461 (Tex. App.—Austin 2006, no pet.) (citing *Garcia*, 893 S.W.2d at 518).

Here, Fomby argues that Chapter 74 is unconstitutional, facially and as applied, because the expert-report requirement "represent[s] a substantial obstacle and undue burden" on a litigant's access to the courts. Texas courts have consistently rejected similar challenges. *See, e.g.*, *Stockton*, 336 S.W.3d at 618–19 (rejecting open-courts challenge); *Matthews v. Lenoir*, 439 S.W.3d 489, 498–99 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (rejecting due-process and open-courts challenges); *Chalfant v. Brookdale Senior Living Communities, Inc.*, No. 01-12-00140-CV, 2013 WL 1790226, at *4–5 (Tex. App.—Houston [1st Dist.] Apr. 25, 2013, no pet.) (mem. op.) (rejecting open-courts and due-process challenges); *Hightower v. Baylor Univ. Med. Ctr.*, 348 S.W.3d 512, 521–23 (Tex. App.—Dallas 2011, pet. denied) (rejecting open-courts and separation-of-powers challenges); *Wilson-Everett v. Christus St. Joseph*, 242 S.W.3d 799, 802–04 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (rejecting separation-of-powers challenge); *Ledesma v. Shashoua*, No. 03-05-00454-CV, 2007 WL 2214650, at *9 (Tex. App.—Austin Aug. 3, 2007, pet. denied) (mem. op.) (rejecting due-process and open-courts challenges); *Herrera*, 212 S.W.3d at 461–62 (rejecting due-process and open-courts challenges).

The same result should follow here. Fomby has not proven that it was impossible to comply with Chapter 74's expert-report requirement. Far from it, our prior opinion confirms compliance was possible. We allowed Fomby's claims

6

against Dr. Clavijo to go forward, holding that Fomby's expert report "presents an objective, good faith effort to comply" with Chapter 74's requirements. *Clavijo*, 2018 WL 2976116, at *11 (citations omitted). By contrast, we held that Fomby had not satisfied this standard with respect to ManorCare because Fomby's expert had not "considered any of ManorCare's records pertaining to Fomby's informed-consent claim." *Id.* at *14 (citing *Loaisiga v. Cerda*, 379 S.W.3d 248, 261 (Tex. 2012), *Houston Methodist Hosp. v. Nguyen*, 470 S.W.3d 127, 131 (Tex. App.— Houston [14th Dist.] 2015, pet. denied), and TEX. CIV. PRAC. & REM. CODE § 74.351).

Furthermore, Fomby's due-process and open-courts challenges are foreclosed by our decision in *Chalfant v. Brookdale Senior Living Communities, Inc.*, which Fomby does not address. *See* 2013 WL 1790226, at *4. Under *Chalfant*, the due-process inquiry determines whether the challenged law has a reasonable relation to a proper legislative purpose or is arbitrary or discriminatory. *Id.* If the law is related to a proper legislative purpose and is not arbitrary or discriminatory, it passes muster under the Due Process Clause. *Id.* In order to assert a violation of the Open Courts Provision, a litigant must meet two criteria: (1) he must have a cognizable common-law cause of action that is being restricted; and (2) the restriction must be unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Id.* (citation omitted).

In *Chalfant*, we held that the expert-report requirement is rationally related to the purpose of the statute–discouraging frivolous malpractice suits. *Id.* (citations omitted). "Thus, we cannot conclude that the requirement is arbitrary or discriminatory." *Id.*; *Bankhead v. Spence*, 314 S.W.3d 464, 468–69 (Tex. App.—Waco 2010, pet. denied); *Solomon-Williams v. Desai*, No. 01–08–00733–CV, 2009 WL 1813135, at *3–4 (Tex. App.—Houston [1st Dist.] June 25, 2009, pet. denied) (mem. op.) (stating that Texas Legislature's finding that number of medical liability lawsuits contributed to malpractice insurance crisis constituted reasonable basis for expert-report requirement); *Thoyakulathu v. Brennan*, 192 S.W.3d 849, 854–56 (Tex. App.—Texarkana 2006, no pet.) (stating that state has "legitimate interest in placing restrictions on the filing of health care liability claims"). This case presents no basis for distinguishing *Chalfant*.

Because Fomby has not demonstrated that Chapter 74's expert-report requirement is unconstitutional,[1] either facially or as applied, I concur in the judgment affirming dismissal.

April L. Farris
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Farris.

Justice Farris, concurring.

---

[1] Fomby's brief purports to bring constitutional challenges based on other doctrines, including "freedom of speech" and the "separation of powers." Fomby did not make these arguments in his response to ManorCare's motion to dismiss, so they are waived. *See Pro Plus, Inc. v. Crosstex Energy Servs., L.P.*, 388 S.W.3d 689, 707 n.6 (Tex. App.—Houston [1st Dist.] 2012), *aff'd*, 430 S.W.3d 384 (Tex. 2014). Furthermore, Fomby's brief does not contain "appropriate citations to authorities and to the record" on these issues. *See* TEX. R. APP. P. 38.1(i).