**Affirmed and Memorandum Opinion filed March 14, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00671-CV

---

### ALSTONIA LOUIS, Appellant

### V.

### LIBERTY COUNTY EMERGENCY MEDICAL SERVICES, INC., Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1170332**

---

### MEMORANDUM OPINION

Raising four issues in this appeal, appellant Alstonia Louis presents the question of whether his lawsuit against Liberty County Emergency Medical Services, Inc., alleging billing violations was subject to the expert-report requirement of the Civil Practice and Remedies Code chapter 74. Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001–.507.[1] Applying precedent from this court, we

---

[1] The current statute has no official short title but was formerly entitled the Medical Liability and Insurance Improvement Act of Texas.

conclude that Louis's claim was subject to chapter 74 and affirm the judgment of the trial court.

## I.    BACKGROUND

After being involved in a 2019 motor-vehicle accident, Louis was transported to the hospital by Liberty County EMS. According to the EMS report, Louis reported pain in his wrist and tenderness in his ribs, and the ambulance crew placed Louis's wrist in a splint and transported him to the hospital in a stretcher.

Louis later received a bill in the amount $1,830.50 listing charges for "BLS emergency transport" and "BLS disposable supplies," as well as mileage. Louis filed suit against Liberty County EMS in 2021 alleging deceptive-trade practices on the basis that he did not receive "basic-life-support transport." Liberty County EMS answered the suit, asserting both governmental immunity and that Louis's claim was a health-care-liability claim subject to chapter 74. Louis later amended his petition and added a breach-of-contract cause of action.

Liberty County EMS filed a motion to dismiss pursuant to the chapter 74, arguing that Louis had not produced the required expert report. Louis resisted the motion maintaining that his claim was not a health-care-liability claim as it only addressed Liberty County EMS's alleged fraudulent billing. In 2022, the trial court granted Liberty County EMS's motion to dismiss and rendered a final judgment dismissing Louis's claims, from which Louis now appeals.

## II.    ANALYSIS

**A.    Did Louis bring a health-care-liability claim**?

In issue 1, Louis argues the trial court erred by granting Liberty County

EMS's motion to dismiss.[2]

## 1. Standard of review

We review a trial court's ruling on a motion to dismiss under section 74.351 for an abuse of discretion.[3] *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001) (applying former Medical Liability and Insurance Improvement Act of Texas, Tex. Rev. Civ. Stat. art. 4590i, § 13.01(d), (e)); *University of Tex. Health Sci. Ctr. at Houston v. Joplin*, 525 S.W.3d 772, 776 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). We defer to the trial court's factual determinations if they are supported by the record and review de novo questions of law involving statutory interpretation. *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011); *Joplin*, 525 S.W.3d at 776. The trial court abuses its discretion if it acts in an unreasonable and arbitrary manner or without reference to any guiding rules or principles. *Rivenes v. Holden*, 257 S.W.3d 332, 336 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

Because the trial court did not file findings of fact or conclusions of law, we uphold the trial court's ruling on any theory supported by the record and imply any

---

[2] Louis specifically describes issue 1 as follows:

> Whether the trial court erred in granting Defendant's Texas Medical Liability Act (TMLA) motion to dismiss when said motion was made in bad faith on the false basis that Plaintiff pleaded a health care liability claim (HCLC) by making a rebuttal averment in an affidavit attached to a response to a motion and when Defendant knew and eventually judicially admitted that its ambulance transport bill was fraudulent by admitting that its "basic life support" charges were admittedly merely a disguised minimum "standard charge" and when no admissible evidence supported said motion when Plaintiff was not required to file and serve an expert medical report because he did not plead a HCLC and because the issues in his case were within the common knowledge of laypersons when Plaintiffs fraudulent medical billing claims were not covered by the TMLA.

[3] Appellant states in his brief that "[i]n view of the nature and extent of the trial court's rulings and not ruling" that this court should apply a de novo standard of review and give "no deference to the trial court's rulings." However, appellant offers no support or authority for his position that this court can pick and choose its standard of review.

3

findings of fact necessary to support its ruling. *Houston Methodist Hosp. v. Nguyen*, 470 S.W.3d 127, 129 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

## 2. Applicable law

Chapter 74 defines a health-care-liability claim as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

Tex. Civ. Prac. & Rem. Code § 74.001(a)(13). A "health care provider" can be any person licensed, certified, registered, or chartered by the State of Texas to provide health care, including a "health care institution." *See* Tex. Civ. Prac. & Rem. Code § 74.001(a)(12)(A)(vii). A "health care institution" includes an emergency services provider, such as Liberty County EMS. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(8) ("'Emergency medical services provider'" means a licensed public or private provider to which Chapter 773, Health and Safety Code, applies"), (11)(C); *see generally* Emergency Health Care Act, Health and Safety Code §§ 773.001—.257.

"To proceed with a health care liability claim, a claimant must comply with the expert report requirement of the Texas Medical Liability Act." *University of Tex. Med. Branch at Galveston v. Callas*, 497 S.W.3d 58, 61 n.1 (Tex. App.— Houston [14th Dist.] 2016, pet. denied). In relevant part, section 74.351 states:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, or a later date required under Section 74.353, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care

provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). Section 74.351's expert-report requirement is intended to inform the served party of the conduct called into question and to provide a basis for the trial court to conclude the claimant's claims have merit. *Hebner v. Reddy*, 498 S.W.3d 37, 41 (Tex. 2016); *Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669, 671 (Tex. 2008) (per curiam).

### 3. Claim against Liberty County EMS

Louis argues that his claim is not a health-care-liability claim. Instead, he argues that his lawsuit only involves a claim of fraudulent billing. In his live pleading, he explains:

> The bill is fraudulent in a number of material respects. One, no "BLS" (basic life support) service was provided. Two, the $1,200.00 charge for a "BLS [basic life support] emergency transport" was admittedly a minimum "standard charge", as opposed to a reasonable charge for necessary actual "BLS [basic life support] emergency transport" services. Three, in view of the fact that no "BLS [basic life support] emergency transport" was actually provided, it follows that the $193.00 charge for "BLS disposable supplies" is also false. And four, the $437.50 "mileage" charge without disclosing the rate per mile charged as well as not disclosing the number of miles charged lacks required transparency and is deceptive.

Therefore, although Louis acknowledges he rode in the ambulance to the hospital and received some services, he takes issue with billing charges for "basic life support" services on the basis that he received no "life support" from the ambulance as that term is generally understood.

In response, Liberty County EMS argues that Louis's claim falls squarely within chapter 74 because Louis's claim touches on the conduct of the emergency medical personnel who attended to him in the ambulance. Further, Liberty County

EMS—which is governed by Emergency Health Care Act—argues that Louis did receive "basic life support" services as that term is defined in the Emergency Health Care Act. *See* Health and Safety Code § 773.003(2) ("Basic life support" means emergency prehospital care that uses noninvasive medical acts).

When deciding whether a cause of action is a health-care-liability claim, we look at the facts underlying the cause of action, not how the cause of action is labeled. *See Yamada v. Friend*, 335 S.W.3d 192, 196 (Tex. 2010). A plaintiff cannot avoid the requirements of chapter 74 through artful pleading or by splitting and splicing a health-care-liability claim into other causes of action with differing standards of care, damages, and procedures. *Id.* at 197.

The scope of our review is "the entire court record," including the pleadings, motions, and responses, and any relevant evidence properly admitted. *Loaisiga v. Cerda*, 379 S.W.3d 248, 256, 258 (Tex. 2012). If we determine that the cause of action "is against a physician or health care provider and is based on facts implicating the defendant's conduct during the course of a patient's care, treatment, or confinement," then we must presume that the cause of action is a health-care-liability claim, which the plaintiff has the burden of rebutting. *Id*. at 256; *Hopebridge Hosp. Houston, L.L.C. v. Lerma*, 521 S.W.3d 830, 836 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Also, "if expert medical or health care testimony is necessary to prove or refute the merits of the claim against a physician or health care provider," then we must conclude that the cause of action is a health-care-liability claim. *See Texas W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 182 (Tex. 2012).

This court has already addressed a similar situation in *Ahmadi v. Moss*, in which the patient of a cosmetic surgeon filed suit against the surgeon alleging he had not performed a procedure for which he received payment. 530 S.W.3d 754,

756–57 (Tex. App.—Houston [14th Dist.] 2017, no pet.). In *Ahmadi*, the surgeon argued the patient's claim was one of lack of treatment, which falls within the definition of a health-care-liability claim, and the patient argued her cause of action was simply a breach-of-contract claim for services paid for, but not performed. *Id*. at 757. In that case, we concluded that the TMLA did apply to the patient's claims. Important to the court's conclusion were the facts that (1) a doctor-patient relationship existed between the patient and surgeon; (2) a lack of care was alleged; and (3) expert testimony would be required to prove or refute the merits of the patient's claim that the surgeon failed to provide the care at issue. *Id*. at 759. Similarly, this court has also concluded that a patient's complaint that her dentist did not perform all the services for which he billed her was a health-care-liability claim, explaining that the patient's allegations that the dentist did not perform procedures implicate the dentist's conduct during the dental treatment. *Milton v. Nguyen*, No. 14-16-00883-CV, 2017 WL 4017872, at *3 (Tex. App.—Houston [14th Dist.] Sept. 12, 2017, no pet.).

The same principles apply to the facts in this appeal. It is clear Louis does not believe that he received the level of care for which he was billed. However, he received some level of service and/or care. Liberty County EMS supported its motion to dismiss with evidence establishing that it was a licensed emergency services provider in 2019 when Louis received care aboard the ambulance. Both Louis's pleadings and affidavit establish that he was transported by ambulance and received health care from Liberty County EMS. For example, Louis acknowledged that Liberty County EMS checked his vital signs. Therefore, we are confronted with another situation in which the conduct of the health-care provider and the determination of the care provided is at issue. The resolution of Louis's challenge to the level of care provided to him and appropriate commensurate billing for those services is not within lay knowledge. Therefore, the fact-finder would need expert

medical testimony to confirm whether (1) the care received by Louis was "basic-life support" as he was billed for and (2) the amount Louis was charged was appropriate for the services provided.

Louis relies on *Shanti v. Allstate Ins. Co.* to support his argument that fraudulent billing claims are not subject to chapter 74. *Shanti*, 356 S.W.3d 705 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). However, *Shanti* is inapplicable because it involved a suit by insurance companies against health-care providers in which this court determined that the insurance companies were not "claimants" under chapter 74. *Id*. at 713–14. Therefore, chapter 74 did not apply.

Following this court's precedent and the statutory directives of chapter 74, we conclude the trial court did not err in determining that Louis brought a health-care-liability claim and for dismissing the claim due to lack of compliance with the expert-report requirements.

We overrule issue 1.

## B.    Lack of ruling on Louis's evidentiary objections

In issue 2, Louis argues the trial court erred in not ruling on his objections to Liberty County EMS's evidence supporting the motion to dismiss. He also argues that the trial court ignored his request for a ruling.

In his response to Liberty County EMS's motion to dismiss, Louis objected to the affidavit supporting the motion to dismiss as a "false affidavit" and objected to several of the exhibits to the motion as unauthenticated hearsay. The trial court did not rule on the objections, and Louis does not identify anything in the record supporting his contention that the trial court refused to rule. Therefore, no error is preserved for this court to review. *See* Tex. R. App. P. 33.1(a) (record must show trial court ruled on objection or refused to rule on objection).

8

We overrule issue 2.

## C. Denial of the motion for new trial

In issue 3, Louis argues that the trial court erred in denying his motion for new trial in which he argues that the trial court erred in granting Liberty County EMS's motion to dismiss pursuant to chapter 74 because his claim was not a health-care-liability claim. However, because we have already held that the trial court did not err in granting Liberty County EMS's motion to dismiss, we conclude the trial court did not err in denying Louis's motion for new trial.

We overrule issue 3.

In issue 4, Louis maintains the trial court erred "in not ruling on and not granting Plaintiff's objections to the admissibility of Defendant's 'evidence' offered in its response to [Louis's] motion for a new trial." Here, Louis refers to his objections to Liberty County EMS's motion-to-dismiss evidence that he re-urged at the hearing at the motion for new trial. However, because a final judgment had already been rendered at the time the motion for new trial was filed, the trial court could only have ruled on the motion for new trial (which it denied). The evidentiary rulings on evidence supporting the motion to dismiss were no longer before the trial court. Therefore, we overrule issue 4.

## III. CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.


/s/     Charles A. Spain
        Justice

Panel consists of Justices Zimmerer, Spain, and Hassan.

9